R. I. Hospital Trust Company, Trustee for Stella M. A. Wilcox, Petr., *vs.* Tax Assessors of Providence.

PROVIDENCE—JULY 15, 1903.

Present: Stiness, C. J., Tillinghast and Dubois, JJ.

(1)   *Taxes.   Franchise Tax of Corporation not a Property Tax.*

The assessment and payment of a tax by way of a license for its corporate franchise by a foreign corporation, doing business in this State, paid in the State where it is located, is not a bar to the assessment and collection of a tax on the market value of the shares of the corporation in this State, and such stock is not exempt from taxation under Gen. Laws cap. 45, § 10.

Petition in the nature of an appeal from a tax assessment. Heard, on agreed statement of facts, by full court.

Dubios, J.   This is a petition in the nature of an appeal from a tax assessment for. the year 1902, made by the tax assessors of the city of Providence, by which the petitioner seeks to recover certain money by it paid for said tax, upon the ground that the same was illegally assessed.   Heard upon the following agreed statement of facts:

"Agreed statement of facts and stipulations.   It is hereby stipulated and agreed that the above entitled cause shall be tried to the full court upon the following agreed statement of facts, and the following stipulations:

"1.   That the Rhode Island Hospital Trust Company as trustee for Stella M. A. Wilcox under the will of Walter A.

Peck upon June 20, 1902, and within the time posted and advertised by the assessors of taxes of the city of Providence therefor carried into said assessors a true and exact account of all ratable property held by it as such trustee, describing and specifying the value of every parcel of the personal estate held by it as aforesaid (there being no real estate in said trust), which account was sworn to by Samuel R. Dorrance, its vice-president, before Arthur H. Remington, one of said assessors, in manner provided by the statute in such cases, and included in said account 50 shares of the United Traction & Electric Company and 57 shares of the preferred stock of the American Woolen Company, stating in said account that each of said corporations was incorporated in New Jersey and claiming therein that each of the shares of stock aforesaid were not ratable under the statute.

"2. Notwithstanding the claim by said trustee that said shares of stock were not ratable, the said assessors of taxes included said shares at their then market value in the property for and in respect of which they assessed taxes against said trust company as trustee as aforesaid: that is, said 50 shares of the United Traction & Electric Company were valued at $5,950, the tax upon which at the rate assessed by the city of Providence amounted to $95.20; and said 57 shares of the preferred stock of the American Woolen Company were valued at $4,250, the tax upon which at the rate aforesaid amounted to $68.00; and that thereafterwards on October 15th, 1902, said trust company as trustee as aforesaid paid to the city of Providence the taxes so assessed against it in its said capacity, including said amounts of $95.20 and $68.00, protesting that the taxes assessed in respect of the shares of stock aforesaid were wrongfully and illegally assessed.

"3. That the United Traction & Electric Company is a corporation organized under the laws of the State of New Jersey with a capital stock of $8,000,000—and has a principal place of business in Jersey City in said State of New Jersey as provided in its articles of incorporation; and the American Woolen Company is a corporation organized under the laws

of the State of New Jersey with a capital stock of $50,000,000, of which $49,501,100 is issued, and has a principal place of business in said State of New Jersey as provided in its articles of incorporation.

"4.   That the following statute has been for several years and still is in force in New Jersey, namely (Gen. Statutes, p. 3338 and Chap. 9 of the laws of 1901): 'all corporations incorporated under the laws of this state, other than those which are subject to the payment of a state franchise tax assessed upon the basis of gross receipts, shall make annual return to the state board of assessors on or before the first Tuesday in May in each year, and shall state therein the amount of capital stock of such corporation issued and outstanding on the first day of January preceding the making of said return, together with such other information as may be required by said board to carry out the provisions of this act, and shall pay an annual license fee or franchise tax of one-tenth of one per centum on all amounts of capital stock issued and outstanding up to and including the sum of $3,-000,000; on all sums of capital stock issued and outstanding in excess of $3,000,000, and not exceeding $5,000,000, an annual license fee or franchise tax of one-twentieth of one per centum; and the further sum of fifty dollars per annum per $1,000,000, or any part thereof on all amounts of capital stock issued and outstanding in excess of $5,000,000.' And the said United Traction & Electric Company has been assessed by, and paid to, the State of New Jersey in each year including 1902 under and in accordance with said statute the sum of $4,150.   And the American Woolen Company has been assessed by, and paid to, the said State of New Jersey in each year including 1902 under and in accordance with said statute the sum of $6,225.05.

"5.   That neither the United Traction & Electric Company nor the American Woolen Company owns any real estate or tangible property in the State of New Jersey and neither of said corporations pays any other tax to or within said State of New Jersey.

"6.   That the United Traction & Electric Company was

organized for the purpose among other things of owning and holding the capital stock of other companies and owns and holds all of the capital stock of the Union Railroad Company, Pawtucket Street Railway Company, the Providence Cable Tramway Company (except two shares), and the Rhode Island Suburban Railway Company, all corporations organized under the laws of Rhode Island, and is not assessed for any real estate or for or in respect of its said stock or for any property in Rhode Island or elsewhere, or in other manner except as aforesaid.

"7.    The American Woolen Company owns and is assessed for real estate and machinery taxable to it under the laws of Rhode Island within the State of Rhode Island, and real estate and tangible personal property in several other States, upon which it pays taxes to a large amount.

"8.    The statutes of New Jersey as published in the Gen. Statutes—1709-1895—and all amendments thereto passed since such revision and published in the several volumes of the session laws for each year since 1895, including particularly pages 3322 to 3339 of the Gen. Statutes aforesaid; and Chap. 9 of 1901, are to be considered as offered and proved in evidence as laws of a foreign State, and it is agreed that the published decisions of the court of New Jersey, if and so far as they shall be considered by the court relevant to the issue in this appeal, may be referred to to show the construction placed by the New Jersey courts upon any of the said statutes.

"9.    If the tax assessed by the assessors of the city of Providence against all of said shares of stock was rightly assessed, judgments shall be given for the defendants or appellees.    If the tax assessed against the shares of either or both of the companies aforesaid was wholly illegal, judgments shall be given for the plaintiff or appellant in respect of the assessment upon said shares and for a return of the amount paid by the appellant to the city of Providence as taxes in respect thereof with interest at the rate of six per cent. per annum from said October 15, 1902, as provided by law; and in case the court shall find that it is material to

determine the amount of taxes paid by the said American Woolen Company either within the State of Rhode Island or any other State than New Jersey, the appellant shall be offered opportunity to obtain and present the facts before final judgment.

"Tillinghast & Carr,

"*Attorneys for Appellant.*

"Albert A. Baker,

"*Attorney for Defendants.*"

(1)   The claim of petitioner is that as shareholder in the aforementioned stocks in foreign corporations, for which said tax was assessed, it was exempt from taxation therefor in this State under that portion of the proviso in Gen. Laws R. I. cap. 45, § 10, which reads: "Provided, that no stockholder shall be liable to taxation for shares held . . . in any corporation without this State which is, or the shares in which are liable to taxation in the State where such corporation is located;" because under the laws of New Jersey, where said foreign corporations are located, they are liable to taxation and are annually taxed and annually pay a license fee or franchise tax. Neither of said corporations does business in said State of New Jersey, or owns any real estate or tangible property therein, nor pays any other tax to or within said State. Both of said corporations do business in this State. The United Traction & Electric Company does all of its business herein, and is not assessed for any real estate, or personal or tangible property, or for any property, or in any manner other than for that in this proceeding appealed from. The American Woolen Company does own and is assessed in this State for real estate and tangible property. The defendants claim that the tax assessed against and paid by said foreign corporations is not a tax in the strict sense of the word, but that it is a fee paid to insure the annual corporate existence of the said corporations, and that the term "license fee" better describes it than the expression "franchise tax." The words

themselves are defined by the legislature in Gen. Stats. N. J. cap. 257, § 1, on page 3337, as follows: "Shall pay an annual tax, for the use of the State, by way of a license for its corporate franchise."

The point in dispute seems to be whether or not this is a property tax: the appellants claiming that it is, and the defendants asserting that it is not.

The franchise of a corporation comprises its existence, its activity, and its liability; the right to be, the power to do, and the liability of being acted upon; and these are sometimes called separate and independent franchises. The franchise to be is only one of its franchises. The franchise to do is a combination of independent franchises embracing all things which the corporation is given power to do, and may be denominated its active powers—those powers which, when properly exercised, render it successful and valuable. For the purposes of taxation, franchises to do may go wherever the work of the corporation is done, and, exercised in connection with the tangible property which it holds, create a substantive matter of taxation to be asserted by every State in which that tangible property is found.

See *Adams Express Company* v. *Ohio*, 166 U. S. pp. 224, 225.

Can the tax assessed upon the market value of the shares here, where the franchises to do are exercised in connection with the tangible property which said corporations hold, be said to be invalid because they are liable to taxation upon their franchises to be in the State where they are located? We think not. They would be liable to taxation in the State of their location whether they did any business or not; their affluence or indigence would neither increase nor diminish their taxable value there. A tax for the franchise to be, arbitrarily fixed in advance, based upon the par value of the stock to be issued, before the success or failure of the business of the corporation can be predicted, cannot be said to be a property tax. On the other hand, the tax on the market value of the shares undoubtedly is a property tax.

The assessment and payment of the former in the State

where said corporations are located is not a bar to the assessment and collection of a tax upon the latter in this State.

We find, therefore, that the tax assessed for the year 1902 by the tax assessors of the city of Providence against all of said shares of stock was rightly assessed, and deny and dismiss said petition and give judgment for the defendants for their costs.

*Tillinghast & Carr,* for petitioners.

*Francis Colwell, Albert A. Baker, City Solicitors,* for respondents.